IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAMAR E. PLUNKETT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 15-cv-0081-MJR |
|  | ) |  |
| UNITED STATES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

I. Introduction

This matter is now before the Court on Petitioner Jamar Plunkett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1] The Government opposes the petition arguing that his appeal waiver bars the claims he is trying to raise, that his counsel was not ineffective, and that even if neither of those propositions held true, there was no error in his plea agreement or sentencing in light of the Supreme Court's latest ruling on the provisions he was sentenced under (Docs. 8). Petitioner Plunkett had multiple opportunities throughout the proceedings to reply to the Government's arguments (Docs. 15, 20, 21, 24, 30). The matter is now before the Court for a decision. For the reasons set forth herein, the Court finds that Petitioner

---

[1] This is Petitioner Plunkett's first habeas corpus petition.

Plunkett is not entitled to the relief he seeks, nor does this case warrant an evidentiary hearing.

II.   Facts

Pursuant to a plea agreement, Plunkett pled guilty to a single-count indictment for distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). (CM/ECF, S.D. Ill., Case No. 13-CR-30003-MJR, Doc. 11). The plea colloquy in Plunkett's case shows that the Court took numerous steps to ensure that he understood the plea agreement he was entering (*See* Doc. 51). Of particular importance to the matter before the Court, Plunkett indicated that he had sufficient time to discuss his case with his counsel, that he fully understood the potential sentencing range, that he knew he was waiving his right to direct and collateral appeals for all but a limited number of issues, and that he understood the Court would not be bound by the recommendation in the agreement.

| | |
|---|---|
| Court: | You have a maximum of 30 years, but the minimum under the guidelines will be somewhere lower than that, I assume, and according to the plea agreement that's estimated to be what I told you before, the 188 to 235 months[…] |
| | All right. Now your plea agreement also provides that in the event—well, provides that by pleading guilty you're waiving all appellate issues that you could have exercise in the event of a trial. And you acknowledge that you've been provided discovery compliance in your case. Is that right? |
| Plunkett: | Yes, sir. |

Court: Okay. You're aware that under Title 18 and Title 28, and other provisions of the U.S. Code, you have a limited right to contest a conviction or sentence in aggravation or sentence under through appeal or collateral attack, and that you are knowingly and voluntarily waiving your right to contest any aspect of your conviction and sentence that could be contested under Title 18, Title 28, or any other provisions of federal law, except that if the sentence imposed is in excess of the advisory guidelines as determined by the Court.

You preserve the right to appeal the reasonableness of the sentence. And that you acknowledge that if you do take such an appeal, the Government has the right to oppose it. But your waiver of your right to appeal or bring collateral challenges shall not apply if they add to any subsequent change in the interpretation of law by the U.S. Supreme Court or Court of Appeals Seventh Circuit which has been declared retroactive by those courts and that renders you actually innocent of the charges, and appeals based upon guideline amendments that are made retroactive by the U.S. Sentencing Commission. And you reserve the right of course to oppose such claims. And your waiver of your appeal and collateral review rights would not affect the Government's right to appeal in your sentence[…]

Now are those substantially the terms of your plea agreement with the Government as you understand them?

Plunkett: Yes, sir.

[…]

Court: All right. I think I asked you this before, but I will again. Do you understand that if I do not accept the sentencing recommendation contained in your plea agreement, that you will still be bound by your plea and will have no right to have it—to withdraw it?

Plunkett: Yes, sir.

(Doc 51 at 11-13, 16). Following a presentence investigation and an opportunity for counsel to respond, Plunkett was committed to the custody of the Bureau of Prisons for a term of 212 months, to be followed by six years of supervised release (*See id.* Doc. 45). The sentencing range and guideline calculations contemplated by his plea agreement mirrored those at sentencing—namely, his guideline range was 188-235 months using a criminal history category of VI and an offense level of 31 (34, reduced by 3 for acceptance of responsibility) (*See id.*).

Plunkett did not file a direct appeal of his conviction or sentence. He filed his § 2255 petition on the last possible day, one year after his conviction and sentence became final. (Compare CM/ECF, S.D. Ill., Case No. 15-30003-MJR, Doc. 45 with Doc. 1). In his petition, Plunkett presented two primary arguments: 1) that his counsel was ineffective at sentencing for failing to object to the base offense level of 34, and 2) that his counsel was ineffective after sentencing for failing to file a direct appeal (Doc. 1). Regarding his base offense level, Plunkett argues that his base offense level should have been 32, rather than 34—which would have produced a Guidelines range of 151-188 months rather than the 188-235 that was used (*Id.*). He argues that counsel was ineffective for miscalculating his range, even during the plea negotiation phase (*Id.*). As to the failure to file an appeal, he argues that he wanted counsel to file an appeal because his sentence exceeded 188 months (*Id.*). Although Plunkett concedes that his counsel explained the

Court's ability to sentence above 188 months, he nevertheless maintains that counsel should have appealed the sentence calculation (*Id.*).

The Government responded to his petition, primarily arguing that the petition must be denied as impermissible per the terms of Plunkett's appeal waiver (Doc. 8). Alternatively, the Government argues that Plunkett is unable to establish ineffective assistance of counsel or prejudice from the same because he acknowledged and agreed with the Guidelines calculations as a part of his plea colloquy, and the calculations are not erroneous. As to his argument that counsel failed to file an appeal, the Government supplied an affidavit from Plunkett's counsel (Michael Ghidina) averring that he and Petitioner discussed an appeal, but concluded that there was no meritorious basis for an appeal in light of the plea waiver and the sentence pronounced (Doc. 8-2). Thus, the Government argued that the petition should be dismissed without a hearing (Doc. 8).

Plunkett sought and received two extensions of time prior to filing his reply on September 15, 2015 (Docs. 10, 14, 15). In the intervening time between his initial petition and his reply, the United States Supreme Court issued its decision in ***Johnson v. United States*, 135 S.Ct. 2551 (2015)**, finding the residual clause of the Armed Career Criminal Act unconstitutional.[2] Plunkett thus argued that some of his prior offenses (aggravated unlawful use of a weapon, aggravated fleeing, and domestic violence) were

---

[2] The Court notes that following *Johnson* there was an administrative order (AO 176) in this district whereby the Federal Public Defender was appointed for the limited purpose of briefing *Johnson* claims. Petitioner did not receive appointed counsel under the order, probably because his *Johnson* claims surfaced part-way through briefing in his case. However, in light of ***Beckles v. United States*, 137 S.Ct. 886 (2017)** the Court finds that Petitioner suffered no prejudice as a result of this oversight.

improperly treated as career offender predicates in calculating his Guideline range despite precedent to the contrary (Doc. 21). He elaborated at length upon the Sixth Amendment guarantee to counsel, and the ways that the guarantee extends to the sentencing phase of a case, arguing that because his counsel did not tease out the predicate offense issue at the sentencing phase, counsel was ineffective (*Id.*). Plunkett couched his arguments as 'newly discovered' since he relied on new precedent (*Id.*). As relief, he sought a resentencing (*Id.*).

Acknowledging the proliferation of new precedent surrounding § 2255 petitions, this Court accepted Plunkett's supplements to his original petition, and gave the Government an additional month to respond (Doc. 22). The Government timely responded, arguing that Plunkett's supplements were time-barred, that they were barred by his appeal waiver, that they were barred by procedural default, that they were barred on retroactivity grounds, and that, even if they were not barred, he was not entitled to relief (Doc. 23). For all of these reasons, the Government argued that even under Plunkett's new theories, his trial counsel did was not ineffective.

The Court allowed Plunkett a final opportunity to reply—to which he produced two replies—the latter of which was stricken as duplicative (Docs. 30, 34, 35). In his reply, Plunkett attempts to attack the voluntariness of his plea based on his trial counsel's alleged incompetence (Doc. 30). He also makes reference to a Rule 11(c)(1)(C) plea agreement. Plunkett then restates his supplemental arguments about whether or

not certain offenses were properly characterized as predicate offenses (*Id.*). He adds arguments with a policy-bent, suggesting some of his prior offenses were low-level and that his past stints of incarceration should be considered (*Id.*). He also attempts to refute the points made by the Government in their latest response (*Id.*). Finally, he closes with an excerpt of the Guidelines, arguing that his six prior offenses do not count as predicates for sentencing enhancement (*Id.*).

Most recently, in May 2017, the Government filed Supplemental Authority, informing the Court that the United States Supreme Court's most recent decision in ***Beckles v. United States*, 137 S.Ct. 886 (2017)**, invalidates any arguments Petitioner made about predicate offenses and career offender enhancement because the *Beckles* Court held that the Guidelines were not subject to vagueness challenges (Doc. 37). As a result of *Beckles*, the Government contends that this Court can ignore all other arguments made in the § 2255 petition and simply deny the petition (*Id.*).

The matter having been fully briefed by both sides, multiple times to account for changing precedent, the Court now finds the Petition ripe for disposition.

### III. Applicable Law

Typically, a Section 2255 petition must be lodged within one year of the petitioner's conviction and sentence becoming final. **28 U.S.C. § 2255(f)(1).** However, there are a number of exceptions, such as, Section 2255(f)(3) allowing for an extended one year period to file from "the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In addition to the one year limitations period for filing a petition, there is also a standard requirement that in order to bring a constitutional claim on collateral appeal, the petitioner must also have raised that claim on direct appeal. *See Massaro v. United States*, **538 U.S. 500, 504 (2003).** Despite this general requirement, defendants are not required to raise ineffective assistance of counsel claims on direct appeal in order to preserve them for collateral appeal purposes. *Id.* Additionally, this requirement may be excused if the petitioner can demonstrate good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *See e.g. Bousley v. United States*, **523 U.S. 614, 622 (1998);** *Fountain v. United States*, **211 F.3d 429, 433 (7th Cir. 2000).**

A criminal defendant's future ability to file an appeal or a collateral attack, such as a § 2255 petition, may be limited by his knowing and voluntary entry of an appeal waiver as part of a plea agreement. *See Mason v. U.S.*, **211 F.3d 1065, 1068-69 (7th Cir. 2000).** However, such a waiver may be unenforceable if a petitioner can establish ineffective assistance in negotiating the plea agreement itself. *Id.* **at 1069.** By contrast, dissatisfaction at the sentencing phase does not provide a valid basis to disregard a collateral appeal waiver. *Id.* The Seventh Circuit has spoken very clearly about the

interplay between appeal waivers and collateral attacks premised on ineffective assistance, stating:

> Once a defendant has waived his right to appeal not only in writing but also in open court under Rule 11(b)(1)(N), the sixth amendment does not require counsel to disregard the waiver. The regimen of *Strickland* applies: the defendant must show both objectively deficient performance and prejudice. Unless a non-frivolous issue could be raised on appeal, counsel should protect the client's interest in retaining the benefit of the plea bargain.

*Nunez v. U.S.*, 546 F.3d 450, 456 (7th Cir. 2008); *see also Fountain*, 211 F.3d at 434, quoting *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).

Recently, the Seventh Circuit made it very clear that the sole type of ineffectiveness claim it will recognize in the face of an appeal waiver is a claim that counsel's performance was ineffective specifically in relation to the waiver itself or in relation to the negotiation of the plea. *See United States v. Smith*, **759 F.3d 702, 707 (7th Cir. 2014) (collecting cases and clearly reiterating the importance of honoring a plea agreement like a contract)**. In *Smith*, the habeas petitioner argued that his counsel was ineffective at the sentencing phase for failing to object to his classification as a career offender. *Id.* **at 706**. But the Seventh Circuit squarely rejected his claim, stating that a criminal defendant may even waive his right to challenge plain errors that occur at sentencing via a valid and binding plea agreement. *Id.* **at 706-07.** In exchange for such a drastic concession, the Court noted that criminal defendants typically get benefits

from their bargain such as a recommendation from the government that they be sentenced at the low end of the sentencing range. *Id.*

Specifically in the context of a claim that counsel was ineffective during plea negotiations, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness when measured against prevailing professional norms." ***Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016).** Competent counsel will "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Id.* The petitioner must also show that absent counsel's deficient performance, there is a reasonable likelihood that he would not have pleaded guilty, and would have instead gone to trial. *Id.* Counsel is not ineffective or incompetent for failing to forecast changes in binding precedent. *See Lilly v. Gilmore*, **988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law or to press meritless arguments before a court.").**

In a pair of decisions issued on the same day, the Seventh Circuit found that the residual clause of the Sentencing Guidelines (§ 4B1.2(a)(2)) was unconstitutionally vague, and that application notes to that provision did not constitute freestanding valid legal authority to classify prior crimes for career offender purposes. *See United States v. Hurlburt*, **835 F.3d 715, 725 (7th Cir. 2016) (overruling prior circuit precedent foreclosing vagueness challenges to the guidelines and holding that the residual**

clause in § 4B1.2(a)(1) is unconstitutionally vague); *United States v. Rollins*, 836 F.3d 737, 743 (7th Cir. 2016) (holding that the application note to the residual clause of § 4B1.2(a) that listed certain crimes as predicates for career offender classification has no independent legal authority and is thus unconstitutional in line with *Hurlburt's* holding). The *Hurlburt* and *Rollins* cases were an extension of the Supreme Court's ruling in *Johnson* where it found the residual clause of the armed career criminal act unconstitutionally vague. *See* **Johnson v. United States,** 135 S.Ct. 2551 (2015) (holding that the residual clause of the ACCA was unconstitutionally vague).

More recently, the United States Supreme Court spoke again on career offender sentencing in *Beckles*, holding that the guidelines were not subject to vagueness challenges. **Beckles v. United States**, 2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017)) This holding overturned *Hurlburt and Rollins*. Thus, any claim premised on the theory that the Guidelines are vague is no longer feasible. For the reasons set forth below, the Court finds that Petitioner's claims lack merit under controlling precedent.

IV. **Legal Analysis**

Here, Petitioner's claims are strictly foreclosed by his valid and binding appeal waiver, and even without the waiver his claims would fail on the merits. At the plea colloquy, the record unequivocally demonstrates that Petitioner knew his sentencing range was 188-235 months and he understood that the Court was not bound by any

recommendation regarding that range. Petitioner expressly acknowledged that he was voluntarily giving up his right to take any direct or collateral appeal of his sentence save for a few exceptions—if his sentence was greater than the statutory maximum, or if binding precedent that was retroactively applicable somehow implicated his sentence. Neither of those scenarios came to fruition. His sentence of 212 months is less than the statutory maximum of 30 years, and subsequent precedent has not invalidated his sentence. Petitioner attempts to open the door to broader challenges pertaining to his classification as a career offender, but he can only do so if he can establish that his counsel was ineffective in the negotiation of the plea or the waiver itself.

He makes no argument that the waiver itself was the product of ineffective assistance, so that argument is forgone. As to the negotiation of the plea, his briefs are extremely repetitive, circling back and forth between his allegation that counsel was ineffective for failing to object to the level 34, 188-235 month figures pronounced at sentencing, and his claim that counsel failed to file an appeal. However, it makes no sense why he alleges counsel was ineffective for opposing these figures at sentencing, because he explicitly acknowledged at the plea hearing that these were the figures he and counsel discussed, and he said he understood the Court would not be bound by them. Petitioner's allegations that he should have started at a level 32 and thus should have had a range of 151-188 are out of left field given his verbal and written acknowledgements with the plea agreement that the 34, and 188-235 figures were what

he expected to face at sentencing. In any event, an error at sentencing is not something he can contest unless he can first show that the plea negotiations themselves were deficient, which he cannot. *See Smith*, **759 F.3d at 706-07**. Thus, Petitioner presents no meritorious argument that his counsel was ineffective such that his waiver should be set aside.

Even as to his claim that counsel failed to file a notice of appeal on his behalf, he cannot succeed because, in light of his waiver and the terms of the plea, there was no merit to the issues he sought to appeal. Petitioner himself acknowledges this multiple times in his pleadings to this Court, and yet he insists that counsel's alleged failure to do the physical act of filing the meritless appeal is enough to unsettle his sentence and conviction. This is simply not true. It is also set against counsel's sworn affidavit indicating that he and Petitioner discussed the prospect of an appeal, that he informed Petitioner there were no meritorious grounds, and that petitioner subsequently did not ask him to appeal.

Finally, turning very briefly to the arguments added to his petition on the basis of *Johnson*, Petitioner gained no grounds to overcome his appeal waiver. He was sentenced pursuant to the Guidelines career offender provisions, so *Beckles* strictly foreclosed any *Johnson* based argument he could have made. Accordingly, the Court finds that there is no valid basis to hold a hearing in this case or to allow this Petition to proceed. "An evidentiary hearing is not required if 'the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief…'". *Mitchell v. United States*, **14-3759 (7th Cir. 2017)** *quoting* **28 U.S.C. § 2255(b)**.

## V. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether Petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas corpus petition. A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, **537 U.S. 322, 336 (2003) (quoting** *Slack v. McDaniel*, **529 U.S. 473, 484 (2000)).**

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss Petitioner's claims is debatable or incorrect. For the reasons stated above, Petitioner asserted two meritless claims that reasonable jurists would conclude provide no basis for relief. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VI. Conclusion

Based on the foregoing analysis, Petitioner Plunkett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and his case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Further, no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: June 16, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge